IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KERRY V. COVINGTON, #496687, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:19-cv-00921 |
| JONATHAN LEBO, Warden, | ) JUDGE CAMPBELL |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION

Petitioner Kerry Covington, a state inmate proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) challenging the legality of his 2015 conviction in Cheatham County Criminal Court. Respondent has filed the record of proceedings in state court (Doc. Nos. 14) and an Answer to the Petition (Doc. No. 15). Petitioner did not file a reply to Respondent's Answer.

Having reviewed the parties' arguments and the underlying record, the Court finds that an evidentiary hearing is not required in this matter. As explained below, Petitioner is not entitled to relief under Section 2254, and this action will therefore be dismissed by Order accompanying this Memorandum Opinion.

### I. BACKGROUND

In 2014, Petitioner was indicted on eight felony counts by a Cheatham County, Tennessee grand jury. (Doc. No. 14-1 at 4–6.) Pursuant to agreement with the State, three of these counts were dismissed and Petitioner pled nolo contendere to the remaining five counts, resulting in the following convictions: one count of aggravated burglary, two counts of theft of property valued at $1,000 or more but less than $10,000, one count of aggravated robbery, and one count of

aggravated rape. (*Id.* at 8–19.) For these crimes, Petitioner was given an effective sentence of forty years in prison.

As described by the Tennessee Court of Criminal Appeals (TCCA), the following events transpired between Petitioner's indictment and sentencing:

> The District Public Defender's Office declined appointment to represent the Petitioner because the District Public Defender was a close friend of one of the victims and her family. Thereafter, trial counsel, a private attorney, was appointed to represent the Petitioner.
>
> The Petitioner's case was set for trial and continued on two occasions. In March 2015, trial counsel accepted a part-time position with the District Public Defender's Office. Trial counsel had no physical office with the District Public Defender's Office at that time. Trial counsel had not spoken to the District Public Defender about the facts of the Petitioner's case or their trial strategy. However, the District Public Defender informed trial counsel of his relationship with a victim and her family and advised trial counsel to file a motion to withdraw as the Petitioner's attorney. Trial counsel filed said motion on March 19, 2015.
>
> The trial court held a hearing on the matter on March 27, 2015. The trial court noted that the Petitioner's trial was scheduled to begin on March 31, 2015. At the time of the hearing, trial counsel had been employed with the District Public Defender's Office for seventeen days. The Petitioner was unaware of trial counsel's potential conflict of interest until the day of the hearing. The Petitioner testified that he understood that trial counsel was representing him as a private attorney and not "through the [P]ublic [D]efender's [O]ffice." However, the Petitioner testified that he did not want anyone associated with the District Public Defender's Office representing him.
>
> The trial court denied trial counsel's motion to withdraw. On March 30, 2015, the Petitioner entered into a plea agreement with the State. … At the plea submission hearing, the trial court reviewed the rights that the Petitioner would be waiving. The Petitioner stated that he "wish[ed] to proceed" in entering his pleas, that he had reviewed the plea agreement with trial counsel, and that he was entering his pleas freely and voluntarily.

*Covington v. State*, No. M2017-02175-CCA-R3-PC, 2018 WL 3459732, at *1 (Tenn. Crim. App. July 17, 2018).

On May 12, 2015, Petitioner filed a pro se petition for post-conviction relief. (Doc. No. 14-1 at 21–29.) The trial court reviewed the pro se petition and appointed counsel for Petitioner. (*Id.*

at 32–34.) Counsel elected to proceed on the pro se petition without amendment (*id.* at 35), and an evidentiary hearing was held. (Doc. No. 14-3.) After hearing the evidence and arguments of counsel, the trial court denied the post-conviction petition, finding that "[n]o credible proof was presented that this conflict of interest adversely affected [trial counsel's] performance or the plea agreement itself." (Doc. No. 14-1 at 48–61, 57.)

Post-conviction counsel filed a notice of appeal from the denial of post-conviction relief (*id.* at 62–63), but not in a timely fashion. The TCCA dismissed the post-conviction appeal as untimely, finding as follows:

> On May 12, 2015, the Petitioner filed a timely pro se petition for post-conviction relief. Among other allegations, the Petitioner alleged that trial counsel was ineffective because he had a conflict of interest due to his part-time employment with the District Public Defender's Office. This was the only allegation addressed at the evidentiary hearing. The Petitioner did not testify at the evidentiary hearing. Trial counsel testified that he believed the Petitioner entered his nolo contendere pleas knowingly and voluntarily.
>
> The post-conviction court entered a written order denying the petition on September 22, 2017. The Petitioner's notice of appeal was not filed until November 8, 2017. On appeal, the Petitioner contends that his nolo contendere pleas were not knowingly and voluntarily entered because he received ineffective assistance from his trial counsel due to trial counsel's having a conflict of interest. The State responds that we should dismiss the Petitioner's appeal because his notice of appeal was untimely filed.
>
> A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). The notice of appeal document in criminal cases "is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* Such a waiver, though, "is not automatic." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). In determining whether the interest of justice necessitates a waiver, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors." *Id.* (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)) (quotation marks omitted).
>
> The Petitioner's notice of appeal was filed seventeen days after the thirty-day deadline. More troubling, however, is that the Petitioner has offered no excuse for this delay and has not sought a waiver from this court for his untimely notice of

appeal. In fact, the Petitioner remained silent even after the State raised this issue in its brief. The Petitioner's failure to request a waiver and subsequent silence on this issue weigh heavily against our excusing his untimely notice of appeal.

Furthermore, this court may take "into consideration the merits of the appeal." *Charles Steven Shivers v. State*, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015) (citing *Smith v. State*, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993)). Here, the Petitioner challenges the voluntariness of his nolo contendere pleas. However, he did not testify at the post-conviction hearing. *See* Tenn. Code Ann. § 40-30-110(a) (requiring a petitioner to testify at the post-conviction hearing "if the petition raises substantial questions of fact as to events in which the petitioner participated"); *see also* Tenn. Sup. Ct. R. 28, § 8(C)(1)(b) (stating the same). As such, the Petitioner failed to prove his factual allegations with respect to this issue by clear and convincing evidence. Accordingly, we conclude that the interest of justice does not warrant waiver of the notice of appeal requirement, and we dismiss the appeal as untimely.

Upon the foregoing and the record as a whole, the appeal is dismissed.

*Covington*, 2018 WL 3459732, at *1–2.

Post-conviction counsel filed a motion for rehearing before the TCCA on grounds that he "did not receive notice of the post-conviction court's order denying post-conviction relief until near the end of the thirty-day deadline for the filing of a notice of appeal," because such notice was originally mailed to the wrong address. (Doc. No. 14-15 at 1–2.) The TCCA found that these lately-asserted grounds did not justify rehearing the appeal, citing counsel's original silence in the face of the State's motion to dismiss the appeal as untimely. (*Id.* at 2.)

## II. CLAIMS OF THE PETITION

The Petition before the Court, liberally construed, asserts two claims:

(1) Petitioner received ineffective assistance of counsel due to counsel's "actual conflict of interest," which influenced Petitioner's nolo contendere plea; and

(2) Petitioner was denied post-conviction appellate review because of post-conviction counsel's failure to file a timely notice of appeal.

(Doc. No. 1 at 5, 6, 13.)

4

## III. ANALYSIS

### A. Legal Standard

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Upon finding a constitutional error on habeas corpus review, a federal court may only grant relief if it finds that the error "had substantial and injurious effect or influence" upon the conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Peterson v. Warren*, 311 F. App'x 798, 803–04 (6th Cir. 2009).

However, review under AEDPA is ordinarily unavailable to state inmates who have not fully exhausted their remedies in the state court system. Subject to certain exceptions, a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless the prisoner has presented the same claim sought to be redressed in federal habeas court to the state courts. 28 U.S.C. 2254(b)–(c); *Pinholster*, 563 U.S. at 182; *Kelly v. Lazaroff*, 846 F.3d 819, 828 (6th Cir. 2017) (quoting *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009)) (federal claim is exhausted if it was presented "under the same theory" in state court). This rule has been interpreted by the Supreme Court as one of total exhaustion, *Rose v. Lundy*, 455 U.S. 509 (1982), meaning that, as of the time of the habeas petition's filing, there can no longer be any available state remedy for any of its claims; if a state remedy is available for any habeas claim, the entire petition must be dismissed. *Id.* at 522. A habeas petition is thus fully exhausted if each and every claim was first

5

fairly presented to the state appellate court[1] as a federal constitutional claim in substance, if not explicitly. *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (requiring the presentation of "the legal and factual substance of every claim to all levels of state court review").

However, because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," it may also be "satisfied if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." *Gray*, 518 U.S. at 161 (citations and internal quotation marks omitted). The doctrine of procedural default is thus a corollary to the rule of exhaustion, one which ordinarily bars habeas review of claims that were not "fairly presented" for merits review in state court, either because they were presented in a way that failed to comport with state procedural rules or because they were not presented at all and no longer can be presented under state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (acknowledging "the interplay of these two doctrines" and stating that, to avoid an end-run around the exhaustion requirement and "the values that it serves," "we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.") (emphasis in original; internal citations and quotation marks omitted). If the state court decides a claim on "adequate and independent state grounds," typically a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the claim will ordinarily be barred from federal habeas review because of its procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 81–82 (1977*); see also Walker v. Martin*, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision

[1] In Tennessee, the Court of Criminal Appeals is the highest appellate court to which appeal must be taken in order to properly exhaust a claim. *See* Tenn. Sup. Ct. R. 39; *Adams v. Holland*, 330 F.3d 398, 402–03 (6th Cir. 2003).

of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment."); *Coleman v. Thompson*, 501 U.S. 722 (1991) (same). Likewise, if a claim has never been presented to the state courts, but a state court remedy is no longer available (e.g., when an applicable statute of limitations bars a claim or state law deems the claim waived),[2] then the claim is technically (though not properly) exhausted but barred by procedural default. *Coleman*, 501 U.S. at 731–32.

If a claim is procedurally defaulted, "federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. The burden of showing cause and prejudice to excuse defaulted claims is on the habeas petitioner. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (citing *Coleman*, 501 U.S. at 754). "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of cause include the unavailability of the factual or legal basis for a claim or interference by officials that makes compliance "impracticable." *Id.* To establish prejudice, a petitioner must demonstrate that the constitutional error asserted in his defaulted claim "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v.*

---

[2] The Tennessee Post-Conviction Procedure Act provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment," and establishes a one-year statute of limitations for filing that one petition. Tenn. Code Ann. § 40-30-102(a) and (c). The Act further provides that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," unless that ground could not be presented due to unconstitutional state action, or is based on a new and retroactive constitutional right that was not recognized at the time of trial. *Id.* § 40-30-106(g).

*Frady*, 456 U.S. 152, 170 (1982)); *see also Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012) (finding that "having shown cause, petitioners must show actual prejudice to excuse their default"). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000). Likewise, if a petitioner cannot establish prejudice, the question of cause is immaterial.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a "narrow exception" to the bar of an unexcused default in cases where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392–93 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)); *accord Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006). To obtain habeas review under this narrow exception to the procedural-default rule, the petitioner would need to demonstrate his factual innocence, not the mere legal insufficiency of the State's proof; a miscarriage-of-justice claim is not supported by an assertion of mere legal innocence. *Lee v. Brunsman*, 474 F. App'x 439, 442 (6th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998), and *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

**B. Petitioner's Claims**

As recited above, Petitioner assert two claims: that he was deprived of his right to the effective assistance of trial counsel and that his plea was therefore undermined (Claim 1), and that his post-conviction counsel's failure to file a timely notice of appeal deprived him of post-conviction appellate review (Claim 2). In response to Claim 1, Respondent raises an exhaustion defense, arguing that the claim is technically exhausted but procedurally defaulted because it can no longer be pursued under the state post-conviction statute of limitations, one-petition rule, waiver

8

rule, and rule for reopening post-conviction proceedings. (Doc. No. 15 at 5 (citing Tenn. Code Ann. §§ 40-30-102(a) and (c), 40-30-106(g), and 40-30-117).) Respondent characterizes Claim 2 as a freestanding claim of ineffective assistance of post-conviction counsel that is not cognizable in federal habeas. (*Id.* at 7–8 (citing, *e.g.*, 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")).) Respondent further asserts that Claim 2 was defaulted when it was not raised before the courts of the state. (*Id.* at 8.)

    1. Claim 1

Claim 1 is indeed procedurally defaulted, but not because Petitioner failed to raise it on post-conviction appeal and cannot now return to post-conviction court to correct that mistake. Rather, Claim 1 is defaulted because it was raised on post-conviction appeal and rejected not on its merits, but on an independent and adequate state ground: the appeal's untimely filing which, though not jurisdictional, was found not subject to "waive[r] in the interest of justice" under Tennessee Rule of Appellate Procedure 4(a). *Covington*, 2018 WL 3459732, at *2; *see Coleman*, 501 U.S. at 729–735 & n.1 (distinguishing between case where defaulted federal claim was raised in state court but avoided based on independent and adequate state ground, and case where "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). While Petitioner does not explicitly argue that the default of his claim of trial counsel's ineffectiveness should be excused, his Petition may be liberally construed to argue (in Claim 2) that post-conviction counsel's ineffectiveness in failing to secure his right to appeal the denial of that claim caused the default. But as discussed below, that argument does not profit

9

Petitioner as either a showing of cause excusing procedural default, or as an independent ground for relief.

   2. Claim 2

In claiming that he was "denied appeal" after losing his bid for post-conviction relief in the trial court (Doc. No. 1 at 6), Petitioner has failed to invoke any constitutional guarantee. Construing the pro se Petition as generously as possible, the Court deems Claim 2 to assert an unlawful-denial-of-appeal sub-claim and an ineffective-assistance sub-claim. However, even if both sub-claims had been presented in state court, neither is tenable.[3]

To begin with, it is well established that state inmates do not have a right under the federal constitution to review of their convictions in post-conviction proceedings. *Hugueley v. Mays*, 964 F.3d 489, 496 (6th Cir. 2020) (citing, *e.g.*, *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (noting that each state has created procedures for post-conviction review, "even though there is no constitutional mandate that they do so")). Although Tennessee has established post-conviction review procedures, and an appeal from the post-conviction trial court is "an appeal as of right" under state procedural rules, Tenn. R. App. P. 4(a), the fact that there is no federal right at stake means that the denial of post-conviction appellate process cannot be redressed under Section 2254, which only provides a remedy to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[3] Respondent concludes his Answer with a cursory assertion that Claim 2 is procedurally defaulted "because it has never before been presented to the state court's (sic) in satisfaction of section 2254's requirements." (Doc. No. 15 at 8.) However, because the Court agrees with Respondent's principal assertion that Claim 2 is noncognizable and must be dismissed on that basis, his procedural defense to Claim 2 need not be considered. *Cf. Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) (finding that, because "procedural default is an affirmative defense that does not restrict [habeas] jurisdiction," the court may "forgo a procedural default inquiry" and "cut to the chase" to deny an unmeritorious claim).

10

Moreover, "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and therefore "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752 (citations omitted). Rather, petitioners "bear the risk of attorney error that results in a procedural default" during such collateral proceedings, *id.* at 752–53, with one exception: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). However, the *Martinez* exception is not applicable to Petitioner's defaulted claim that his trial counsel was ineffective due to a conflict of interest, because that claim was not defaulted "at initial-review collateral proceedings" but on appeal from the initial denial of post-conviction relief. An attorney's erroneous failure to properly appeal a claim litigated and lost on initial post-conviction review does not amount to cause under *Martinez*. *Atkins v. Holloway*, 792 F.3d 654, 661 (6th Cir. 2015).

In sum, Petitioner's assertion in Claim 2—that he was deprived of his right under state law to appeal his post-conviction claim because of counsel's ineffective, untimely filing of a notice of appeal—does not support any cognizable, freestanding claim to relief under Section 2254, nor does it constitute cause excusing the procedural default of Claim 1.

Finally, although the Petition's request for relief includes the statement that Petitioner "did not commit these crimes" despite his no-contest plea (Doc. No. 1 at 14), this conclusory statement falls far short of the standard for allowing habeas review despite the bar of unexcused procedural default, where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392–93 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). No further review is warranted in this case.

# V. CONCLUSION

For the reasons stated above, Petitioner is not entitled to relief under Section 2254 and this action will therefore be **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a Section 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Id.* at 337.

Because reasonable jurists could not debate whether Petitioner's claims should have been resolved differently or are deserving of encouragement to proceed further, the Court will **DENY** a COA. Petitioner may seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

An appropriate Order is filed herewith.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE